**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kathy Leonard Revan, Appellant.

Appellate Case No. 2014-000161

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-486
Submitted November 1, 2016 – Filed November 23, 2016

**AFFIRMED**

Tara Dawn Shurling, of Law Offices of Tara Dawn
Shurling, PA, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General John Benjamin Aplin,
both of Columbia; and Solicitor David Matthew Stumbo,
of Greenwood, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: S.C. Code Ann. § 16-11-450(A) (2015) ("A person who uses deadly

force as permitted by [the Protection of Persons and Property Act (the Act)] . . . is justified in using deadly force and is immune from criminal prosecution and civil action for the use of deadly force. . . ."); *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166-67 (2007) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 237-38 (Ct. App. 2014) ("In other words, the abuse of discretion standard of review does not allow this court to reweigh the evidence or second-guess the trial court's assessment of witness credibility."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("Consistent with the Castle Doctrine and the text of the Act, a valid case of self-defense must exist . . . [including] all elements of self-defense, save the duty to retreat."); *id.* at 372, 752 S.E.2d at 267 (finding the defendant's "claim of self-defense present[ed] a quintessential jury question, which, most assuredly, [was] not a situation warranting immunity from prosecution" when the defendant was in a prior altercation with the victim and later retrieved a gun and shot the victim).

**AFFIRMED.**[1]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.